### JOHN D. FLEWELLEN ET AL. v. FORT BEND COUNTY.

Delivered November 5, 1897.

**1. Written Instrument—Parol Evidence Varying.**

Parol evidence is not admissible to vary the terms of a contract for the hiring of county convicts as set out in the bond given to the county, and which purports to set out the entire contract between the parties.

**2. County Convicts—Hiring.**

The county officers have no power under the statute to hire out convicts who are able and ready to pay their fines, or to empower a contractor for their services to receive the fines paid by them to secure their discharge.

**3. Same—Rescission of Contract of Hiring.**

A county may rescind its contract of hiring out county convicts, where the contractor fails to pay the installments of the contract price at the times specified in the contract, and sets up as a reason for such refusal a different contract, which, if made, would be void.

**4. Damages—Measure of, for Breach of Contract.**

No proper basis for estimating the proximate loss from a county's breach of its contract for hiring out county convicts is furnished by evidence that the contractor, in consequence of losing the services of the convicts, lost a specified sum in being forced to sell his plantation at a reduced figure, and that the land cultivated by him during the first year of the contract with the labor of the convicts, and in the raw state, produced a certain number of bales of cotton, and in the next year, after the breach of the contract, produced a greater number of bales worth a specified amount per bale.

**5. Verdict—Res Judicata.**

A verdict which responds to all the issues submitted to the jury by the court in legal effect disposes of a separate item claimed by plaintiff and a claim by defendant in reconvention for damages, though neither of these claims was submitted to the jury because the evidence to sustain them was insufficient.

**6. Practice on Appeal.**

An objection based on a discrepancy in the names of a person in different parts of the petition can not be raised for the first time on appeal.

**7. County Convicts—Hiring—Liability of Hirer.**

An employer of convicts under a contract with the county is liable for the hire of convicts who escape up to the time of the rescission of the contract by the county. or for the time which would have been required to discharge the fines charged against such convicts had they remained at labor, where the right to recapture was not interfered with by any wrongful act of the county.

APPEAL from Fort Bend. Tried below before Hon. T. S. REESE.

*Kirkland & Russell,* for appellants.

*Slyfield & Davidson* and *Pearson & McEachen,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellant, John D. Flewellen, as principal, and the other appellants as sureties, on a bond given for the hire of county convicts.

The bond was copied in the petition and bound the obligors in the sum of $5000, and was conditioned as follows: "The conditions of the above obligation are such, that whereas on December, 1894, the proposition of the said John D. Flewellen to the commissioners of Fort Bend County to hire all the male county convicts of said county that were not confirmed cripples and known to be such prior to the time of conviction, and to pay therefor at the rate of $5.50 per month for each of said convicts until they shall have discharged at the rate of $7.50 per month the fine and costs assessed against them respectively, said hiring to commence and be in force on and from January 1, 1895, and to last and continue for and during the term of two years from that date, and to embrace and include all the male convicts of said county aforesaid, the liability of said John D. Flewellen and his sureties herein for the hire at $5.50 aforesaid for each and every one of the aforesaid convicts to commence and be in force at and from the time of delivery to the said Flewellen or his agent at the farm of the said Flewellen, near Foster, in said county, or on the presentation to him or his agent at said place for such delivery of each and every one of the convicts aforesaid made such during or prior to the commencement of said term of two years, the aggregate amount of the sums of the said hiring for said term to be and to become due and payable as follows; the aggregate amount for the year 1895 in three equal installments, on to wit, one-third on October 1, 1895, one-third on November 1, and the remaining one-third on December 1, 1895, and the aggregate amount of the hiring for the year of 1896 to be due and payable in like manner during said year; which proposition was agreed to and accepted by said commissioners court, and the proper contract and bond ordered and directed to be entered into by said Flewellen with said county judge. Now, should the above bounden John D. Flewellen promptly and faithfully pay to said John A. Ballowe, County Judge, at his office in Richmond, Texas, or his successor in office, all such sums of money as may become due under and according to the tenor and effect of this contract and bond, and shall treat said convicts humanely while in his employment, furnishing them with a sufficient quantity of good and wholesome food and comfortable clothing and medicine when sick, and not require the convicts to work at unreasonable hours or for a longer time in any one day than other laborers doing the same kind of work, then this obligation to be null and void, otherwise to remain in full force and effect."

The petition averred that plaintiff complied with the contract and delivered to Flewellen all of the able-bodied male convicts, sixty-one in number, who were convicted in the county while the contract was in force, and who did not pay their fines and costs. A list of the convicts so delivered was set forth in the petition, in which was also stated the time of the delivery of each, the amount of fine and costs adjudged against

him, the time of his service with defendant, and the amount due there-
for to plaintiff.

It was further alleged that seven named convicts, of the sixty-one, paid
to Flewellen, on the day of their delivery to him, the full amount of
their fines and costs, amounting to $182.50, and were, without plaintiff's
knowledge, released by him. Among these was one Nelson Lantern.
This name does not appear in the general list of the convicts given in the
petition, but that of Lanton Gaston does appear, with the statement that
his fine and costs were paid to defendant on the day of his delivery. The
petition claims the full amount thus paid to defendant. It also gave the
names of ten convicts, of the sixty-one delivered, who were alleged to
have escaped from defendant while in his custody under the contract,
and had never been recaptured, and alleged that their term of service
would have expired, had they remained at work, and claimed $5.50 per
month for the time it would have required to pay the amounts due from
them at $7.50 per month. The total sum claimed amounted to $1734.54,
one-third of which the petition showed to have become due on each of
the dates, October 1, November 1, and December 1, 1895. It was further
alleged that when the installments of October and November became
due, they were demanded of defendants, but they refused to pay them,
setting up as the reason for such refusal a different contract, which was
forbidden by law and void; and that, being satisfied that defendant did
not intend to pay, plaintiff, on the 18th of November, 1895, was com-
pelled to sue to rescind the contract and to demand of the defendant the
convicts then in his possession, and that, on that day, defendant deliv-
ered them up.

The petition also asserted an additional claim of $127.50, the nature
of which need not be stated.

The defendant filed a general demurrer and a number of special ex-
ceptions to the petition, presenting various objections to it. This answer
further consisted of a general denial and a special plea, seeking to set up
a different contract from that stated in the petition, and a plea in recon-
vention, seeking to recover damages for an alleged breach of the contract
by defendant, in taking from him by force the convicts hired by him.

The answer is lengthy, but in substance it sought to show that, before
the bond was executed, a verbal agreement was made between Flewellen
and the county judge and commissioners, by which were to be delivered
to him all able-bodied male persons convicted of misdemeanors in the
county, including those who paid their fines and costs, and that this was
the real contract, and the bond was only a part of it, given to secure its
performance by him. Upon this was based a claim, in set-off, that he
was entitled to receive from the county the difference between $5.50 per
month and $7.50 per month for each convict who had paid his fine and
costs to the county, for such length of time as it would have taken such
convict to work out such fine and costs, at $7.50 per month. The nature
of the damages claimed in reconvention will appear further on.

The court sustained exceptions presented by plaintiff to that part of

the answer setting up the verbal agreement, and overruled the exceptions to the plea in reconvention, and heard the evidence offered to support same; but, on motion of the plaintiff, struck out such evidence, and virtually instructed a verdict for plaintiff, directing the jury how to ascertain the amount due.

The court also overruled defendant's exceptions to the petition. Verdict was rendered for plaintiff against John D. Flewellen and sureties for $1375.50, besides interest, and against said Flewellen individually for $182.20, the court having instructed that the sureties were not liable for the sums collected by their principal from the convicts.

The first assignment of error complains of the overruling of the general and special demurrers, of which there were several. The petition was plainly good on general demurrer, and, so far as we have felt called upon to examine it, seems to meet, by its own allegations, each of the objections pointed out in the special exceptions. But the assignment of error, so far as it attacks the ruling on such exceptions, is too general, and can not be considered.

There was no error in sustaining plaintiff's exceptions to the part of the answer which sought to vary the terms of the written obligation sued on. The case is not one in which only part of the contract has been reduced to writing. The bond undertakes to set out the whole of the contract, the undertakings of both parties to it, and hence it is the exclusive evidence of the agreement made. Appellant's view of the contract is quite inadmissible. The county officers had no power to hire out any person convicted of crime, who was able and ready to pay his fine. The officers were bound, by law, to receive the money and discharge the convict from custody, and had no authority either to deliver him to the defendant or to empower defendant to receive the money. Such money when received belongs to the county, and the officers had no power to contract it away, and the bond sued on, which evidences the contract concluded, shows that they did not undertake to do so. Its effect is determined by the statute under which it was made, the provisions of which form a part of its obligations, and, under that statute, it was only those convicts who could not or would not pay their fines and costs who could be hired. The statute does not contemplate any such thing as a verbal contract on such a subject, nor such a contract, either verbal or written, as appellant contends this one was. Rev. Stats., arts. 3744-3746.

The fifth and sixth assignments of error attack the action of the court in excluding the evidence offered by the defendants to show a breach of the contract on the part of the plaintiff, and the damages which resulted to Flewellen. The uncontradicted evidence showed that Flewellen, when the October and November installments fell due, did not pay them, but set up his construction of the agreement, and his claim of an offset based upon it, and refused to settle, except upon a recognition and allowance of it by the commissioners court. This was not only a breach of the contract, but a repudiation of it. The county had complied with the only undertaking which its officers had made or were empowered to make, and

it was justified, not only in suing for the debt due, but in putting an end to the contract.

Appellant certainly can not complain of a termination of the contractual relations when he made it necessary for the protection of the county's rights.

The evidence of damage offered was that, in consequence of losing the convicts, Flewellen lost $4000 in being forced to sell his plantation at a reduced figure, and that the land cultivated by him, in 1895, with the labor of the convicts and in the raw state, produced only 98 bales of cotton, and, in 1896, produced 400 bales, worth $30 per bale. If cause of action had been shown for recovery of damages, we think this evidence furnished no proper basis for estimating the proximate loss.

The seventh assignment of error is disposed of in what has been said.

There is nothing in the objection, in the eighth assignment, that the verdict does not dispose of the plaintiff's claim for $127.50, and defendant's claim in reconvention for damages. No evidence was offered in support of the former, and that offered in support of the latter was insufficient to be submitted to the jury. The court submitted neither, and the jury responded to all that were submitted. Both claims are concluded by the judgment.

The complaint that the verdict against Flewellen, individually, is too great, because the evidence failed to show that Nelson Lantern was ever delivered to him, or that he ever collected any sum from such a person, was not made in the lower court. The proof does show that Lanton Gaston paid to Flewellen the sum charged in the petition, and as no objection was taken below, in any way, to the discrepancy in the names in different parts of the petition, it will not now be heard for the first time.

Under the tenth assignment it is claimed that the verdict against the sureties is too large, because they were not responsible for sums collected by Flewellen, and the evidence showed that he collected fines and costs from others of the convicts delivered to him, besides the seven named in the petition as having paid him. This objection, too, is made for the first time in this court. Besides, it appears that the charge of the court allowed the jury to find against the sureties only for the time the convicts actually labored at the stipulated rate of hiring, except as it allowed recovery for the seven named as having paid him, and for those who escaped. It is not made to appear that the amount found is too large for the labor actually performed. The charge of the court properly made the defendants liable for the hire of those convicts who escaped up to the 18th of November, or for the time which would have been required to discharge the sums charged against them had they remained at labor.

The right of defendants to recapture them was not interfered with by any wrongful act of plaintiff. They had not been recaptured at the time when the county was entitled to demand a settlement, nor up to the time of trial.

*Affirmed.*